UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WASHINGTON STATE NURSES ASSOCIATION, a Washington labor organization, on behalf of its members,<br><br>        Plaintiffs,<br><br>vs.<br><br>YAKIMA HMA LLC, d/b/a YAKIMA REGIONAL MEDICAL AND CARDIAC CENTER, a Washington Corporation,<br><br>        Defendant. | No. 1:15-cv-03008-LRS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL (ECF No. 10)** |

**BEFORE THE COURT** is Plaintiff's Motion for Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2) (ECF No. 10). The Court has reviewed the briefings of counsel and is fully informed.

## BACKGROUND

The Plaintiff in this matter is the Washington State Nurses Association (WSNA). The WSNA originally filed its complaint in Yakima County Superior Court in the State of Washington. ECF No. 6. WSNA alleges that the Defendant, YAKIMA HMA, LLC (The Hospital), 1) failed to pay its nurses for time spent

ORDER - 1

performing work in violation RCW 49.46 and 49.52; 2) failed to provide paid meal breaks in violation of RCW 49.12 and WAC 296-126-092(1)-(2); 3) failed to maintain wage and hour records in violation of RCW 49.46.070; and 4) failed to pay overtime due to its nurses in violation of RCW 49.46.130. Am. Complaint at 5-6.

The Hospital removed this case to the U.S. District Court for the Eastern District of Washington by Notice of Removal under 28 U.S.C. § 1441(a). ECF No. 1. The Hospital claimed that this Court had diversity jurisdiction under 28 U.S.C. § 1332(a). *Id.* The WSNA has now moved for voluntary dismissal of its claims under Fed. R. Civ. P. 41(a)(2). ECF No. 10.

## DISCUSSION

Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the court states otherwise, a dismissal under this paragraph (2) is without prejudice." "A district court should grant a motion for voluntarily dismissal under Rule 41(a)(2) unless the defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976. "[T]he threat of future litigation" does not constitute plain legal

prejudice. *Id.* Finally, whether to grant a voluntary motion for dismissal under Rule 41(a)(2) is at the discretion of the district court. *See id.* at 975.

The WSNA argues that the defendant will suffer no plain legal prejudice as a result of the dismissal. Therefore, there is no reason not to grant its motion for voluntary dismissal. ECF No. 10 at 6. The Hospital, however, argues that the WSNA is seeking voluntary dismissal for improper reasons. ECF No. 16 2-3. Relying on *Cent. Montana Rail v BNSF*, 422 F. App'x 636 (9th Cir. 2011)(unpublished), The Hospital alleges that the WSNA is attempting to forum shop which is an impermissible reason for dismissal. *Id.*

The Hospital further argues that it will, in fact, be prejudiced by the dismissal. ECF No. 16 at 4. First, it claims that it will lose its ability to try the case in a federal forum and be forced to try the case in front of a jury in state court. However, "the need to defend against state law claims in state court is not plain legal prejudice . . . ." *Lenches*, 263 F.3d at 976. "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.*

Second, The Hospital claims that it has expended considerable time and expense in the federal litigation already. While the stage of the litigation has been a consideration to some courts in deciding whether to grant a motion for dismissal,

ORDER - 3

we are still in a relatively early stage in this case. As a result, the "prejudice" that the Defendant claims is not, in fact, the "plain legal prejudice" required by the rule.

## CONCLUSION

For the reasons stated above, the Court finds "plain legal prejudice" to the Defendant will not result from granting the Plaintiffs' motion. The Defendant will not be deprived of any legal claim, interest, or argument by the Court's granting the motion. Because a court should grant a motion for voluntary dismissal unless Defendant can show such plain legal prejudice, the Court grants the Plaintiff's motion for dismissal and does so without prejudice.

IT IS HEREBY ORDERED that the Plaintiff's Motion for Voluntary Dismissal (ECF No. 10) is **GRANTED**.

**DATED** April 15, 2015.

s/*Lonny R. Suko*
LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE
